**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

December 4, 2013

**LETTER OPINION & ORDER**

John M. Custin
54 Chestnut Dr.
Wayne, NJ 07470

      RE:    Custin v. Wirths, et al.
                Civil Action No. 12-910 (KM)

Dear Litigants:

      Presently before the Court is Plaintiff's November 18, 2013 motion to seal and/or motion for a protective order [ECF No. 65]. For the reasons set forth below, Plaintiff's motion is denied without prejudice and Plaintiff's ex parte submission is being returned to Plaintiff (but will not be uploaded in the electronic filing of this Letter Opinion and Order). The Court, through this Letter Opinion and Order, takes no position as to whether the documents submitted by Plaintiff warrant sealing pursuant to Local Civil Rule 5.3.

**Background**

      As the parties are familiar with the facts of this matter, the Court shall only briefly summarize the relevant procedural history. Plaintiff's Complaint was filed on February 15, 2012. ECF No. 1. Plaintiff is proceeding in this matter pro se and in forma pauperis. See ECF No. 3. Plaintiff has filed three amended complaints in this matter. See ECF No. 2, 5, 38. Plaintiff's Third Amended Complaint is currently the subject of two pending motions to dismiss. See ECF Nos. 43 and 44. Plaintiff has submitted certain documents to the Undersigned ex parte, which Plaintiff seeks to have "annexed" to the Third Amended Complaint in an effort to defeat Defendants' pending motions. See ECF No. 65. Additionally, Plaintiff has filed a motion titled "Notion of Motion, And Motion To Seal Confidential Evidentiary Documents, Request To Annex Evidentiary Documents To the [sic] Third Amended Complaint." See id.

## Discussion

Plaintiff's motion [ECF No. 65] must be denied on both procedural and substantive grounds. The Court shall first address the procedural defects in Plaintiff's submission. While the Court recognizes that pro se litigants must be afforded some degree of leniency, pro se litigants are still "bound by this Court's orders, local rules, policies and procedures, as well as the Federal Rules of Civil Procedure." N'Jai v. Pittsburgh Bd. of Pub. Educ., No. 10-1323, 2011 WL 1402855, at *3 (W.D. Pa. Apr. 13, 2011); see Boone v. Brown, No. 05-750, 2011 WL 4934025, at *2 (D.N.J. Nov. 14, 2008) ("Plaintiff, regardless of his pro se status, is bound by the same procedural rules as any party.") (quoting Blomeyer v. Levinson, No. 02-8378, 2006 WL 463503, at *9 (E.D. Pa. Feb. 21, 2006)). In the District of New Jersey, any sealing application must be filed pursuant to Local Civil Rule 5.3(c). Any such application must be made by formal motion and the moving party must "describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2). Among other things, Plaintiff's submission fails to identify what private or public interests warrant sealing these materials, describe a clearly defined and serious injury that would result if the materials are not filed under seal, or explain why a less restrictive alternative is available (e.g., why these materials need to be sealed in their entirety instead of redacted). Local Civil Rule 5.3 also requires that the moving party include a proposed form of order that includes "Proposed Findings of Fact and Conclusions of Law." L. Civ. R. 5.2(c)(2). Plaintiff's submission does not contain any proposed form of order.

Plaintiff's submission also contains substantive deficiencies. Of foremost concern is that Plaintiff improperly seeks to have this Court issue an advisory opinion or otherwise provide Plaintiff with legal advice. For example, Plaintiff states that he is "unsure" whether an exception to N.J. Stat. Ann. 43:21-11(g) applies to a transcript that Plaintiff seeks to attach to his Complaint. Essentially, instead of taking a legal position, Plaintiff seeks guidance on whether Plaintiff should submit this document under seal and what is the legal basis for that request. The Court cannot provide such an advisory opinion. See Zinn v. Farmers New Cent. Ins. Co., No. 07-826, 2007 WL 1811224, at * 2 (M.D. Pa. June 21, 2007) ("As the Defendants correctly submit, this type of 'advisory opinion' is an entirely improper form of relief that cannot be granted by this Court."); Gen. Refractories Co. v. Travelers Ins. Co., No. 88-250, 1998 WL 961380, at *6 (E.D. Pa. Dec. 15, 1998); see also Mala v. Crown Bay Marina, Inc,. 704 F.3d 239, 244 (3d Cir. 2013) ("This rule makes sense. Judges must be impartial, and they put their impartiality at risk—or at least might appear to become partial to one side—when they provide trial assistance to a party."). Plaintiff has previously sought legal advice. See ECF No. 62 (asking the Court: "I need to know if I need to further pressure Defendants to negotiate in my efforts to comply with your order or if these efforts are futile because the issue of discovery is moot as to the Defendants claim."). While the Court understands Plaintiff is not an attorney and may be unsure of "what a lawyer would do" in certain circumstances, the Court cannot advise Plaintiff how to proceed in this matter.

Furthermore, Plaintiff's motion must be denied because Plaintiff has not filed the

documents at issue under seal such that the Defendants could properly oppose Plaintiff's motion. Compare ECF No. 65 ("The confidential evidentiary documents are withheld pending outcome of this motion and supplied to the court with the understanding that Defendants will be supplied a copies [sic] pending approval of this motion.") with L. Civ. R. 5.3(c)(3) (requiring the materials subject to the motion to seal be filed under seal). If Plaintiff seeks to file any documents under seal in this matter, Plaintiff must send those documents to the Clerk of the Court for filing on CM/ECF and clearly identify what parts of the filing are to be filed under seal (e.g., if Plaintiff submits both documents to be publicly filed and also documents to be filed under seal, Plaintiff should attach a cover page to each sealable document that states "TO BE FILED UNDER SEAL"). If Plaintiff seeks to redact certain documents, he must provide both an unredacted and redacted version of the document and clearly identify which version of the document is to be filed under seal and which document is to be publicly available. If Plaintiff does file any documents under seal, he must contemporaneously file a motion to seal that fully complies with Local Civil Rule 5.3. See L. Civ. R. 5.3(c)(3). And unless Plaintiff is also seeking ex parte relief, he must provide to his adversary a copy of his submission to the Court.

To the extent that Plaintiff is moving for a protective order pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff's request must be denied as that provision allows a party "from whom discovery is sought" (e.g., is responding to a discovery request) to seek relief from the Court. Plaintiff appears to be voluntarily filing these documents and does not explain how a protective order is warranted under those circumstances.

Because Plaintiff directed that the documents not be provided to Defendants until the motion to seal is "approved" and the motion has been denied, the Court is returning these documents to Plaintiff by way of this letter.

Without disclosing the contents of Plaintiff's November 26, 2013 ex parte cover letter enclosing Plaintiff's "confidential" documents, the Court will take no further action as to this submission. First, this letter is clearly an improper ex parte submission. Unless a party specifically seeks ex parte relief and shows good cause to proceed ex parte, it is axiomatic that that party must provide to the adversary a copy of any submission to the Court. Also, it is unclear whether Plaintiff intends this submission to serve as opposition to the Defendants' motion. If so, the submission clearly must be rejected because: (1) Plaintiff did not provide a copy to the Defendants, and (2) the documents are not designated as Plaintiff's opposition to the motion.

Accordingly, Plaintiff's motion is denied without prejudice and Plaintiff's ex parte submission shall be returned to Plaintiff (but will not be uploaded in the electronic filing of this Letter Opinion and Order).

                                                s/ *Michael A. Hammer*
                                                **UNITED STATES MAGISTRATE JUDGE**

cc: Christopher M. Kurek, Esq. (w/o encl.)
    Susan Handler-Menahem, Esq. (w/o encl.)