UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

February 8, 2017

To:  John M. Custin, Pro Se
54 Chestnut Drive
Wayne, NJ 07470

All counsel of record

**LETTER OPINION AND ORDER**

RE:  **John M. Custin v. Harold J. Wirths, et. al.**
**Civil Action No. 12-910 (KM)(MAH)**

Dear Litigants:

Presently before the Court is Plaintiff pro se John M. Custin's motion to compel compliance with subpoenas served on non-parties New Jersey Department of Labor and Workforce Development ("NJDOL-WD"), New Jersey Department of Labor-Unemployment Insurance ("NJDOL-UI"), and Equifax Workforce Solutions, Inc. ("Equifax").  [D.E. 146]. For the reasons set forth below, Plaintiff's motion is denied in part and granted in part.

**Background**

This action was filed by pro se Plaintiff, John M. Custin, alleging constitutional and statutory violations in connection with the process of applying for unemployment benefits following his termination of employment with Walmart in April 2010. See generally Third Am. Compl., D.E. 38.  Plaintiff's five applications for unemployment benefits to the New Jersey Department of Labor (NJDOL) were denied, as were Plaintiff's appeals of those determinations with the agency's first appellate level, the Appeals Tribunal, and the agency's final appeal level, the Board of Review.  Id.  Plaintiff filed suit in this Court against the Commissioner of the NJDOL, Harold Wirths, three officials who sat on the Board of Review, Joseph Sieber, Gerald Yarbrough, and Jerald Maddow (collectively, "State Defendants"), the current and former United States Secretary of Labor, and the Assistant Secretary of Employment and Training Administration (collectively, "Federal Defendants").  Id.

On January 31, 2014, Judge McNulty granted the Federal Defendants' motion to dismiss Plaintiff's Third Amended Complaint. D.E. 82. On March 22, 2016, upon the State Defendants' motion, Judge McNulty dismissed with prejudice all of Plaintiff's claims based on alleged violations of the Eighth Amendment and the Social Security Act, and dismissed with prejudice all claims against Defendant NJDOL. D.E. 130. However, Judge McNulty denied the State Defendant's motion as it pertained to Plaintiff's claims based on alleged violations of the Due Process Clause of the Fourteenth Amendment. Id. Thus, Plaintiff's claims against individual Defendants Wirths, Sieber, Yarbrough, and Maddow, which allege violations of Plaintiff's due process rights are currently still viable in this action. The claims alleging violations of the Due Process Clause of the Fourteen Amendment, as articulated in Plaintiff's Third Amended Complaint, include (1) failing to provide Plaintiff with a copy of all documents used in his hearings; (2) failing to notify Plaintiff of his appellate rights, (3) failing to provide proper notice of hearings, and (4) failing to consider key evidence necessary for Plaintiff's appeal. Third Am. Compl. ¶2-14.

From February 2016 to May 2016, Plaintiff served a total of six document subpoenas on NJDOL-WD, NJDOL-UI, and Equifax, a human resources contracting company, seeking information pertaining to his claims. See Pl.'s Mot. to Compel, D.E. 146. Specifically, Plaintiff sought, from non-party NJDOL-WD: (1) the notice mailed to Plaintiff for a hearing with the Board of Review scheduled for March 26, 2012, (2) the "complete record on appeal submitted to the Board of Review," for appeal dated July 15, 2010, for docket numbers 284 and 329, (3) the "minutes and recording of the appeal proceeding of the Board of Review," appeal dated July 15, 2010, for docket numbers 284 and 329, and (4) a "list of all claimants for the [NJDOL] scheduled telephone hearing[s] in which there was an issue of monetary ineligibly in regard to a claim for UI benefits between the dates of January 2012 [to] March 2012 and January 2016 and March 2016. See Subpoenas, D.E. 151. From non-party NJDOL-UI, Plaintiff sought: (5) any document indicting that NJDOL provided prior notice to Plaintiff regarding evidence that was to be used against Plaintiff at the June 28, 2010 hearing. Id. From non-party Equifax, Plaintiff sought: (6) any documents showing which "records were sent to any party…in regard to the UI claim of Ms. Teresa Goral." Id.

Both NJDOL-WD and NJDOL-UI failed to respond to the subpoenas in any way. Equifax, through its corporate counsel, responded to Plaintiff's subpoena by indicating that it would not produce any documents identified in the subpoena without a court order, as the documents requested were considered "confidential." Exh. B. to Pl.'s Mot. to Compel, D.E. 146-3.

On July 14, 2016, Plaintiff filed the present motion to compel compliance with his subpoenas. D.E. 146. None of the non-parties subject to the subpoenas filed opposition to the motion to compel. However, Defendants filed a three-page opposition letter asserting that since the claims against the NJDOL had been dismissed in their entirety, the information sought was not relevant to the remaining claims against the individual Defendants. Defs.' Opp'n, D.E. 148. Furthermore, Defendants argued that the records were confidential under the statute that governs the administration of the unemployment benefits, N.J.S.A. 43: 21-11(g). Id.

**Discussion**

Federal Rule of Civil Procedure 45(d)(2)(B)(I) sets forth the procedure by which this Court may compel compliance with a subpoena, stating that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."

The permissible scope of discovery under Rule 45 is the same as under Rule 26(b), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense … Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Where the subpoenaing party shows the documents sought to be relevant, "the resisting non-party must 'explain why discovery should not be permitted.'" Biotechnology Value Fund, L.P. v. Celera Corp., 2014 WL 4272732, *1 (D.N. J. Aug. 28, 2014) (citing Miller v. Allstate Fire & Cas. Ins. Co., 2009 WL 700142 (W.D. Pa. Mar. 17, 2009)). The Court, in assessing the reasonableness of a subpoena, should balance several competing factors including: "(1) relevance, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by it, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the subpoena recipient's status as a nonparty to the litigation." Id. at *2 (internal citations omitted). Based on this framework, each discovery request contained in Plaintiff's subpoenas will be discussed in turn below.

### I. The notice mailed to Plaintiff for a hearing scheduled with the Board of Review scheduled for March 26, 2012.

Plaintiff's operative complaint alleges that Board of Review members violated his due process rights for failing to provide proper notice of Plaintiff's hearings. As such, the existence or nonexistence of a notice for Plaintiff's hearing is clearly relevant to Plaintiff's claim.

Defendants argue that this record is confidential because under N.J.S.A. 43: 21-11(g), "All records, reports and other information obtained from employers and employees under this chapter, except to the extent necessary for the proper administration of this chapter, shall be confidential and shall not be published or open to public…and shall not be subject to subpoena or admissible in evidence in any civil action." Id. However, because the statute clearly only protects "information obtained from employers and employees," a hearing notice is not considered confidential. See Paff v. New Jersey Dept. of Labor, Bd. of Review, 379 N.J. Super. 346, 356-357 (App. Div. 2005).

Therefore, Plaintiff's motion to compel compliance with his request for production of the hearing notice is hereby **GRANTED.**

### II. The "complete record on appeal submitted to the Board of Review," for appeal dated July 15, 2010, for case numbers 284 and 329.

Plaintiff's operative complaint alleges that Board of Review members violated his procedural due process rights by upholding the Appeals Tribunal's decision "despite the fact that

the [Appeals] Tribunal submitted an incomplete 'record on appeal'" which excluded key evidence necessary for the appeal. Third Am. Compl. ¶2-14. As such, the record on appeal submitted to the Board of Review would clearly be relevant insofar as it is "reasonably calculated to lead to the discovery of admissible evidence to proving Plaintiff's claim." Fed. R. Civ. P. 26(b)(1).

Again, Defendants argue that this material is protected by N.J.S.A. 43: 21-11(g). Defs.' Opp'n, D.E. 148. Because the statute only applies to "records, reports and other information obtained from employers and employees," the NJDOL shall provide to Plaintiff any responsive records which are not considered confidential under the statute.

Furthermore, for any material that the NJDOL deems confidential under the statute, the agency must produce a sworn statement of agency personnel "setting forth in detail the following information: (1) the search undertaken to satisfy the request; (2) the documents found that are responsive to the request; (3) the determination of whether the document or any part thereof is confidential and the source of the confidential information; [and] (4) a statement of the agency's document retention/destruction policy and the last date on which documents that may have been responsive to the request were destroyed." See Paff v. New Jersey Dept. of Labor, 392 N.J. Super. 334, 341 (App. Div. 2007). The sworn statement must also have attached to it "an index of all documents deemed by the agency to be confidential in whole or in part, with an accurate description of the documents deemed confidential." Id. Therefore, Plaintiff's motion to compel compliance with his request for production of the record of his appeals is hereby **GRANTED.**

### III. The "minutes and recording of the appeal proceeding of the Board of Review," for appeal dated July 15, 2010, for case numbers 284 and 329.

As stated above, Plaintiff's operative complaint alleges that Board of Review members violated his procedural due process rights by upholding the Appeals Tribunal's decision "despite the fact that the [Appeals] Tribunal submitted an incomplete 'record on appeal'" which excluded key evidence necessary for Plaintiff's appeal. Third Am. Compl. ¶2-14. As such, "the minutes and recording of the appeal to the Board of Review" would be relevant insofar as it is "reasonably calculated to lead to the discovery of admissible evidence to proving Plaintiff's claim." Fed. R. Civ. P. 26(b)(1).

As explained above, the NJDOL must provide any responsive documents which are not deemed confidential under N.J.S.A. 43-21-11(g). For any documents the NJDOL deems confidential, the agency must provide Plaintiff with the sworn statement of agency personnel and index of confidential documents, as described above. Therefore, Plaintiff's motion to compel compliance with his request for production of the "minutes and recording" of his appeal is hereby **GRANTED.**

### IV. A "list of all claimants" scheduled for NJDOL telephone hearings "in which there was an issue of monetary ineligibly in regard to a claim for [unemployment insurance] benefits between the dates of January 2012 and March 2012 and January 2016 and March 2016."

Plaintiff's complaint alleges violations of his due process rights in connection with the process of applying for unemployment benefits with the NJDOL Board of Review. Because Plaintiff's claims are unique to him, information regarding other claimants' processes is not to his claim, and therefore, not discoverable. Therefore, Plaintiff's motion to compel compliance with this request is **DENIED.**

V. **Any document indicting that NJDOL provided prior notice to Plaintiff regarding evidence that was to be used against Plaintiff at the June 28, 2010 hearing.**

Plaintiff's operative complaint alleges that the Board of Review members violated his due process rights by failing to provide Plaintiff with a copy of all documents used in his hearings. As such, the existence or nonexistence of these notices would be relevant insofar as it is "reasonably calculated to lead to the discovery of admissible evidence to proving Plaintiff's claim." Fed. R. Civ. P. 26(b)(1).

As explained above, because this request does not ask for information "obtained from employers and employees," the information is not confidential and therefore, Plaintiff's request to compel compliance with this document demand is hereby **GRANTED.**

VI. **Records from Equifax indicating which "records were sent to any party… in regard to the [unemployment insurance] claim of Ms. Teresa Goral."**

In his moving papers, Plaintiff fails to articulate why records relating to another person's unemployment insurance claim would be relevant to his claims. Because plaintiff's claims are unique to him, insofar as they allege violations of his due process rights in connection with the process of applying for unemployment benefits, information regarding another claimant's claim is not relevant and therefore, not discoverable. Therefore, Plaintiff's motion to compel compliance with this request is **DENIED.**

**Conclusion**

Upon consideration of the parties' submissions and the applicable law, Plaintiff's motion to compel compliance with his subpoenas [D.E. 146] is **DENIED IN PART AND GRANTED IN PART.**

So Ordered,

*/s Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**